IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA                                                                  PLAINTIFF

v.                                              CASE NO. 22-CR-50032

MARCHELLO OLIVER                                                                           DEFENDANT

## ORDER

Before the Court for consideration is Defendant's Motion for Reconsideration of Bond (ECF NO. 65), and the Government's response and objections thereto (ECF No. 67). The Court, being well and sufficiently advised, finds as follows:

1.  On March 31, 2022, Defendant requested a detention hearing which the Court conducted on April 7, 2022. The purpose of the hearing was for the Court to determine whether there were conditions of release that would reasonably assure the appearance of Defendant and the safety of the community. 18 U.S.C. § 3142(f). Observing the requirements of the Bail Reform Act, the Court heard testimony and considered the following factors: "(1) the nature and circumstances of the offense charged;" "(2) the weight of the evidence against the person;" "(3) the history and characteristics of the person;" and "(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g). After consideration of these factors, as well as the pre-trial services report and addendum, the Court entered an Order detaining Defendant pending trial. (ECF No. 11).

2.  Defendant appealed to U.S. District Judge Timothy L. Brooks, who conducted a *de novo* review and affirmed the detention decision. (ECF No. 43).

3.  Subsequently, Defendant hired new counsel, secured a continuance of the trial date, and filed the pending Motion for Reconsideration.

4. Section 3142(f)(2) permits the Court to reopen a pretrial detention hearing

> if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

"In other words, to reopen a detention hearing a defendant must, first, 'present [] information that was not known or available to him at the time of his original detention hearing,' and then, second, show that such information 'is material to and has a substantial bearing on whether he should remain detained.'" *United States v. Petters,* 2009 WL 205188, at *2 (D. Minn. Jan. 28, 2009) (quoting *United States v. Archambault,* 240 F. Supp. 2d 1082, 1084 (D.S.D. 2002)).

4. Defendant's Motion says that he can reside in the home of his fiancés' parents; be restricted from his own home; work; wear an ankle monitor; and submit to drug testing. (ECF No. 65, p. 2). The Government says, *inter alia,* Defendant's information concerning a 3rd party custodian may be new but is immaterial because the detention decision was based upon the danger Defendant posed to society due to on-going criminal activity, and this evidence is unchanged.

5. With respect to the Defendant's grounds for reconsideration, the only new information is Defendant's assertion that he can reside with his fiancés' parents pending trial in this matter; the remaining restrictions proposed by Defendant's Motion are all conditions of release that were available to the Court at its detention hearing in April. Even if Defendant's fiancés' parents are suitable to serve as Defendant's custodians – and for purposes of consideration, the Court will assume they are – this information would not outweigh evidence in the record upon which the Court made its detention decision. Of particular importance to the Court was evidence that Defendant is charged with illegally possessing a firearm and possessing that firearm in connection with trafficking of fentanyl pills and powder; evidence Defendant's family supplied him with the firearm he stored under his mattress – provision of which was, at best, negligent and

at worst, nefarious; evidence that unsecured fentanyl powder was found in the same room with the firearm, and that three minor children lived in the home containing these items; evidence that illegal activities by Defendant may have contributed to the deaths of 1-2 persons; and evidence that Defendant had failed to appear in the past. During its April hearing, the Court found that Ms. Garcia-Hernandez' suitability to act as a third-party custodian rebutted the statutory presumption of Defendant's detention but did not outweigh evidence of § 3142(g) factors which favored detention. The Court rejects any suggestion that the newly proposed custodians would outweigh this evidence of record or tip the scales in favor of release. Finding that Defendant's new evidence regarding third-party custodians (a) would not be material and (b) and even if material, would not have a substantial bearing on whether Defendant should be detained, the Court **DENIES** Defendant's Motion for Reconsideration of Bond (ECF No. 65) and **CANCELS** the Hearing on the Motion for Reconsideration, previously scheduled for July 20, 2022, at 1:30 p.m.

IT IS SO ORDERED this 7th day of July 2022.

*Christy Comstock*
_____
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE