**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION**

UNITED STATES                                                                 PLAINTIFF

V.                                         Criminal No. 5:22-CR-50032-001

MARCHELLO OLIVER                                                              DEFENDANT

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Marchello Oliver (Oliver) has filed a *pro se* Motion for Sentence Reduction pursuant to 18 U.S.C. § 3582(c)(1) Modification, arguing that the November 1, 2025, Federal Sentencing Guideline Amendments provide relief on his sentence. (ECF No. 184). The Government responded to the Motion on February 25, 2026, denying Oliver is entitled to relief. (ECF No. 192).  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), this Motion (but not Oliver's contemporaneous § 2255 Motion to Vacate) was referred to the undersigned for the purposes of making a Report and Recommendation. (ECF No. 185). For the reasons explained below, it is recommended that Oliver's Motion be **DENIED.**

**I.      BACKGROUND**

On March 30, 2023, Oliver appeared before Chief United States District Judge Timothy L. Brooks and pled guilty to possessing more than forty (40) grams of fentanyl with the intent to distribute in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(B)(vi). (ECF Nos. 108, 109).  On November 9, 2023, Oliver was sentenced by Judge Brooks to 168 months incarceration, a $1,400 fine, $100 special assessment and four (4) years on supervised release. (ECF Nos. 159, 161).  In reaching this sentence, Judge Brooks departed upward seven levels based on several factors, but primarily because the Court found, by a preponderance of the evidence, that Oliver was the source of fentanyl that Brandi Wooten ingested and which was the "but for" proximate cause of her death

by overdose.  (ECF No. 172, pp. 234-243).   On February 10, 2025, the Eighth Circuit Court of Appeals affirmed Oliver's sentence. (ECF Nos. 175-1); *United States v. Driskoll and Oliver,* 121 F. 4th 683, 687-89 (8th Cir. 2024) (mandate issued Feb. 10, 2025).

## II.    OLIVER'S MOTION FOR RELIEF

Identifying the 2025 Federal Sentencing Guideline Amendments which went into effect on November 1, 2025, Oliver seeks relief under modified USSG § 3B1.2 (mitigating role adjustment) and "Special Instructions" under § 2D1.1(e)(2)(B). Oliver seeks resentencing and application of a downward departure of 2-4 levels based on his (allegedly mitigating) role in the offense.

## III.    UNITED STATES' RESPONSE

The United States points out that Oliver did not argue for application of USSG § 3B1.2 and did not receive (and is not entitled to) a role in the offense reduction in his guideline calculations. (ECF No. 192).  Moreover, referring to Amendment 833 to USSG § 3B1.2, the Government points out that recent amendments do not offer Oliver relief because the Amendment has not been made retroactive. Thus, says the Government – even if the Amendment arguably provided relief to Oliver (which the Government does not concede) – the Amendment does not apply to Oliver's case.  *See* USSG § 1B1.10(a)(2).

## IV.    ANALYSIS

After a thorough review of pleadings, the undersigned does not find that USSG § 3B1.2 played any role in the calculation of Oliver's sentencing guideline range. (*See* Revised Final Presentence Investigation Report, ECF No. 138).  Thus, its amendment – even if retroactive – offers Oliver no relief.   This Motion cannot serve as an appeal of Oliver's sentence.

Moreover, the Court cannot locate any authority supporting that Amendment 833 is retroactive. *United States v. Kuot,* 2025 WL 3079996 *1 (D. Nebraska, Nov. 3, 2025) (denying

relief because "none of these amendments have been applied retroactively yet."). To the contrary, it appears the Sentencing Commission considered whether to make Amendment 833 retroactive. *See* Sentencing Guidelines for United States Courts, 90 Fed. Reg. 19798, 19856, 2025 WL 1373272 (May 9, 2025). After public notice and comment, the Commission decided not to make it retroactive. *See U.S. Sentencing Comm'n Pub. Meeting Minutes*, https://perma.cc/TXT3-7ZUT (Aug. 6, 2025); *see also United States v. Nunez,* 2026 WL 36101 (D. Mexico, Jan. 6, 2026) (where amendment is not among the covered amendments listed in § 1B1.10(d), it has not been made retroactive by the Sentencing Commission); *United States v. Kleinknecht*, 2025 WL 3678479, at *1 (D. Neb. Dec. 18, 2025).

Consequently, Defendant is not entitled to a sentence reduction under 18 U.S.C. § 3582(c)(2).

## V.   RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that Oliver's Motion for Sentence Reduction (ECF No. 184) be **DENIED**.

**The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of facts. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**RECOMMENDED** this 27th day of February 2026.

*Christy Comstock*

_____
**CHRISTY COMSTOCK**
**UNITED STATES MAGISTRATE JUDGE**